UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGER KLAES,

                Plaintiff,

                                    **DECISION AND ORDER**
                                         11-CV-606A

     v.

JAMESTOWN BOARD OF PUBLIC
 UTILITIES et al.,

                Defendants.

---

On September 23, 2011, the Court held oral argument that it had scheduled for plaintiff's motion for a preliminary injunction (Dkt. No. 4) and defendants' motion to dismiss (Dkt. No. 10, updated at Dkt. No. 25).

During the argument, which plaintiff attended, the Court expressed concern that the parties were at a stalemate. Plaintiff's termination hearing[1] originally was scheduled for March 29, 2011. The hearing never occurred, though, because plaintiff has given defendants several doctors' notes to justify what has been turning into an indefinite adjournment of the hearing. One note, dated April 29, 2011, stated generally that plaintiff could not return to a work environment for at least two months. A note dated May 18, 2011 stated that plaintiff would not be

---

[1] On March 14, 2011, defendants suspended plaintiff without pay, pending a termination hearing pursuant to N.Y. Civil Service Law § 75.

able to attend a hearing for "a minimum of two months." (Dkt. No. 4-1 at 6.) A note dated July 21, 2011 stated that plaintiff "should not be expected to attend a hearing for a minimum of 8 more weeks." (*Id.* at 8.) The last note in plaintiff's motion papers, dated July 21, 2011, stated without any time frame that plaintiff should not attend a hearing. (*Id.* at 9.) The doctor who wrote that note went as far as to comment that "it is not possible for me to predict when he will be able to attend such hearings in the future." (*Id.*) In contrast, defendants have made repeated attempts to schedule the termination hearing and have sent plaintiff letters warning him that his suspension without pay would continue because he was responsible for the delay. A letter dated April 5, 2011 warned plaintiff that defendants would ask to have the hearing proceed without him if he attempted to adjourn the hearing for medical reasons. (Dkt. No. 4-2 at 2.) At oral argument, defendants represented to the Court that they indeed have tried to complete the termination hearing but that the hearing officer was unwilling to proceed in plaintiff's absence.

After a recess, the Court solicited comments from the parties about defendants' authority to conduct a termination hearing in plaintiff's absence, pursuant to *Rao v. Gunn*, 532 N.E.2d 1275, 1276 (N.Y. 1988).[2] Defendants

---

[2] *See Rao*, 532 N.E.2d at 1277 (condoning a termination hearing held in the employee's absence in part because "the Transit Authority had a legitimate and strong interest in resolving petitioner's employment status promptly. By the time the hearing was held, petitioner had been in the custody of the Department of Mental Hygiene and unable to carry out his duties for more than 22 months.

responded by informing the Court for the first time in the argument that they have, in fact, scheduled the termination hearing for October 17, 2011. The Court consequently decided to postpone any further oral argument until after the hearing concludes. The Court scheduled a status conference with the parties on December 2, 2011.

Given *Rao* and defendants' decision to proceed with the hearing, judicial economy warrants waiting for the outcome of the hearing. In making this decision, the Court is not making any assessment about the medical conditions described in plaintiff's doctor notes. Plaintiff might well have medical and psychological conditions that leave him completely unable to participate in a termination hearing despite his attendance at oral argument. The problem is that plaintiff cannot use long-term medical and psychological conditions to postpone his termination hearing forever. At some point, the growing delay in concluding

---

Further delay would have imposed an unreasonable burden on the Transit Authority.") (citation omitted); *see also Prue v. Hunt*, 581 N.E.2d 1052, 1055 (N.Y. 1991) (holding that when post-termination remedies are available, due process "demands no more than that the employees be given an explanation of the charges against them and an opportunity to present their side of the story either in writing or in person") (citation omitted).

the termination hearing becomes enough of a burden on defendants to outweigh any rights that plaintiff has to physical presence at the hearing.  So long as plaintiff minimally has an opportunity to respond to defendants' charges and to present favorable evidence in writing, pursuant to *Prue*, his right to due process will not require indefinite delay for conditions that may never improve.

The only decision that the Court will make at this time is procedural.  Since the Court will not decide the issue of a preliminary injunction for now, plaintiff's motion (Dkt. No. 4) is denied without prejudice.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:September 23, 2011